RANDOLPH, Justice,
concurring in part and in result:
¶ 37. I concur with the Majority’s analysis of Issues I, II, and IV. I write separately only to address the Majority’s analysis of Issue III, the Batson issue. See Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). While I agree with the Majority’s conclusion that Long’s argument is without merit, I find the attending analysis to go unnecessarily beyond Long’s lack of a prima facie showing of purposeful discrimination.
¶ 38. Long had the burden of showing that the “facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race.” Batson, 476 U.S. at 96, 106 S.Ct. 1712. Long’s prima facie presentation was simply that the State had exercised four of its six peremptory challenges on African-American jurors. The circuit court concluded that this showing was insufficient for purposes of establishing a prima facie case of racial discrimination. Stated otherwise, Long failed to satisfy his burden of providing enough evidence to permit the circuit court to infer the fact at issue, i.e., purposeful discrimination. The Majority ostensibly agrees, and finds that this prima facie case ruling was not clearly erroneous or contrary to the overwhelming weight of the evidence, stating:
Long has failed to establish that the “facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race.” Batson, 476 U.S. at 96, 106 S.Ct. 1712. Neither Long nor the record establishes that the prosecutor engaged in a pattern of strikes on the basis of race or gender.
(Maj. Op. at ¶ 23). Thus, no further inquiry or analysis is required.
¶ 39. Notwithstanding that conclusion, the Majority unnecessarily delves into a race-neutral-reason discussion in paragraph 21. As Long never established a prima facie case, no burden was placed upon (or shifted to) the State to provide a race-neutral reason. See Flowers v. State, 947 So.2d 910, 917 (Miss.2007) (quoting McFarland v. State, 707 So.2d 166, 171 (Miss.1997)) (“the party who objects to the peremptory strike ‘m,ust first make a pri- *1134 ma facie showing that race was the criteria for the exercise of the peremptory-strike’ ”) (emphasis added); Thorson v. State, 721 So.2d 590, 593 (Miss.1998) (“[a] Batson challenge ... should proceed as follows: First, the defendant must establish a prima facie case of discrimination (emphasis added); Batson, 476 U.S. at 97, 106 S.Ct. 1712. The Majority recognizes such analysis is superfluous, stating “[although the State was not required by the trial court to provide a race-neutral reason for each strike, this Court may consider the record as a whole in determining whether the trial court’s decision [on whether Long had established a prima facie case of purposeful discrimination] was clearly erroneous or contrary to the overwhelming weight of the evidence.” (Maj. Op. at ¶ 21). Indeed we “may,” but for what purpose?
¶ 40. Under Batson, the State was not required to address race-neutral reasons and, therefore, this Court should decline to offer race-neutral reasons not within the record before this Court. Accordingly, I concur in part and in result.
CARLSON, P.J., DICKINSON AND CHANDLER, JJ., JOIN THIS OPINION.